UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>  Defendants. | Case No.  2:24-cv-3148-DJC-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a former state prisoner, brings this action alleging a host of broad inadequacies throughout the California prison system administered by the California Department of Corrections and Rehabilitation ("CDCR"). I recommend, for the reasons stated below, that this action be dismissed for failure to state a claim. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges a broad collection of problems plaintiff experienced while in CDCR custody. ECF No. 1. It appears that plaintiff has three general grievances against CDCR. The first is that CDCR discriminated against him by not placing him in a prison that was located near Sacramento, California. He claims this prevented his attorneys, family, friends, priests, and doctors from visiting him. *Id.* Secondly, he alleges broad concerns about ADA accommodations that he encountered as a wheelchair user at various prisons from 2021 through 2024. He claims that he continuously fell from his wheelchair "due to cracks on the road and icy conditions" at High Desert State Prison, and that Folsom State Prison denied him unknown accommodations

1    because he used a wheelchair. *Id.* The third grievance relates to CDCR's actions during the
2    COVID-19 pandemic. *Id.* at 2. Plaintiff explains that he and other inmates contracted COVID
3    numerous times and suffered long-term consequences. The complaint also contains a broad
4    allegation that CDCR prisons have adopted "grossly illegal and unconstitutional practices" and
5    that this action is intended to restore public faith and trust. *Id.*

6    These allegations fail may amount to a broad and generalized indictment of the prison
7    system, but they do not make out an actionable claim or related set of claims that can reasonably
8    be addressed in litigation. As noted above, plaintiff raises claims regarding medical care, prisoner
9    safety, and ADA accommodations. None of these claims is specific, and many appear to
10   implicate the rights of inmates who are not party to this suit. This is not an instance in which a
11   plaintiff has raised a set of unrelated claims that can be subdivided. Plaintiff, it appears, has no
12   intention of litigating discrete instances of misconduct or unlawfulness; by his own admission, he
13   intends this litigation to restore public faith and trust.

14   Generally, pro se litigants who bring non-viable claims in their initial complaint are
15   offered at least one chance to amend. However, granting plaintiff leave to amend in this case
16   would be futile. Plaintiff has filed several complaints—each replying on similarly vague and
17   conclusory—that have been dismissed for either fail to state a claim or lack of subject matter
18   jurisdiction. *See, e.g.*, *See Singh v. City of Elk Grove*, No. 2:23-cv-0052-DAD-CKD (PS); *Singh*
19   *v. Internal Revenue Services*, No. 2:23-cv-0053-KJM-AC; *Singh v. City of Placerville*, No. 2:23-
20   cv-54-DAD-KJN (PS); *Singh v. City of Elk Grove*, No. 2:23-cv-0057-TLN-CKD (PS). Moreover,
21   plaintiff has previously filed a complaint against CDCR and Macomber alleging substantially
22   similar allegations, which this court dismissed for failure to state a claim. *See Singh v. CDCR*,
23   2:24-cv-2390-TLN-JDP (PC) (E.D. Cal. Oct. 30, 2024). Accordingly, the complaint should be
24   dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)
25   ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a
26   complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint
27   lacks merit entirely.").
28   Accordingly, it is ORDERED that plaintiff's application to proceed *in forma pauperis*,

ECF No. 2, is granted.

Further, it is RECOMMENDED that the complaint, ECF No. 1, be dismissed without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE